IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BELINDA BEARDEN                                                                                  PLAINTIFF

vs.                                             Civil No. 4:14-cv-04097

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Belinda Bearden ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

On December 27, 2011, Plaintiff filed her disability application. (Tr. 17). In her application, Plaintiff alleges being disabled due to problems with her "entire left side, neck, back, head, and shoulder," depression and emotional problems, a hip impairment, a let foot problem, internal hemorrhoids (bleeding), dizziness, problems with her left wrist and hand, facial numbness, and migraine headaches. (Tr. 133). Plaintiff alleges an onset date of June 24, 2008. (Tr. 17). Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

DIB application was denied initially and again upon reconsideration. (Tr. 58-59).

Thereafter, Plaintiff requested an administrative hearing on her application. (Tr. 66-67). This hearing request was granted, and an administrative hearing was held on January 10, 2013 in Texarkana, Arkansas. (Tr. 35-57). Plaintiff was present at this hearing and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Russell B. Bowen testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified she was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 40). As for her education, Plaintiff testified she completed high school but has had no additional education. (Tr. 41-42).

Subsequent to this hearing, on February 7, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 14-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 19, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 24, 2008, her alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, lumbar disc disease, left rotator cuff tendinitis, and residuals of a remote left carpal tunnel release. (Tr. 19-21, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21-22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

> CFR 404.1567(b). She can perform no overhead reaching with the non-dominant (helper) left upper extremity. She can perform frequent handling/fingering with the non-dominant (helper) left upper extremity.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 27, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 28-29, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) laundry inspector (light, unskilled) with 28,000 such jobs in the nation and 2,800 such jobs in the region; (2) belt inspector (light, unskilled) with 42,000 such jobs in the nation and 4,200 such jobs in the region; and (3) cloth inspector (light, unskilled) with 21,000 such jobs in the nation and 2,100 such jobs in the region. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined she had not been under a disability, as defined by the Act, from June 24, 2008 through the date of his decision or through February 7, 2013. (Tr. 29, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 13). On June 25, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Thereafter, on July 30, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 31, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in assessing her impairments under Listings 1.02, 1.04, and 11.09; and (B) the ALJ erred in discrediting the opinions of her treating physician and erred in his RFC assessment.[2]  ECF No. 10.  The Court will address these two arguments for reversal.

**A.     Listings 1.02, 1.04, and 11.09**

Plaintiff argues her impairments meet the requirements of Listings 1.02, 1.04, and 11.09. ECF No. 10 at 13-17.  Listings 1.02 (major dysfunction of a joint(s) (due to any cause)), 1.04

---

[2] Plaintiff actually breaks (B) into two parts. ECF No. 10 at 17-20. First, Plaintiff claims the ALJ erred in assessing the opinions of her treating physician. Second, Plaintiff claims the ALJ erred in his RFC assessment. However, under both of these issues, Plaintiff argues the ALJ erred in evaluating the findings of her treating physician. Thus, the Court will address both issues Plaintiff raised under (B) together.

(disorders of the spine), and 11.09 (multiple sclerosis) each have specific criteria that must be met for Plaintiff to qualify as disabled under one of them. Plaintiff has the burden of demonstrating her impairments meet the requirements of any one of these. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Here, Plaintiff has not demonstrated her impairments meet all the requirements of any one of these Listings.

Notably, Listing 1.02 requires proof of a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." Here, Plaintiff has provided no proof–and has not even argued–that she suffers from a "gross anatomical deformity." Further, Listing 1.04 requires proof of a disorder of the spine which results "in a compromise of a nerve root . . . or the spinal cord." Again, Plaintiff has offered no proof that she meets the specific requirements of Listing 1.04. Finally, Plaintiff claims her impairments meet the requirements of Listing 11.09 (multiple sclerosis). She has not, however, offered any evidence demonstrating she has even been diagnosed with multiple sclerosis. Indeed, in her briefing, she *does not even claim* she has multiple sclerosis. ECF No. 10 at 10-11.

As noted above, Plaintiff has the burden of demonstrating her impairments meet all of the requirements of a given Listing. *See Johnson,* 390 F.3d at 1070. Because Plaintiff has not met that burden, the Court will not engage in speculation as to whether those requirements might be met and will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

B.      **Plaintiff's Treating Physician**

Plaintiff claims the ALJ erred in discrediting the findings of her treating physician, Dr. Hasmukh M. Patel, M.D.  ECF No. 10 at 17-20.  Dr. Patel is one of Plaintiff's treating physicians.  (Tr. 532-553).  On October 15, 2012, Dr. Patel examined Plaintiff, evaluated her RFC, and found she suffered from severe work limitations.  (Tr. 533-536).  These limitations include being unable to lift even 10 pounds on an occasional basis, being unable to stand and walk for two hours during an 8-hour day, and being unable to sit for two hours during an 8-hour day.  (Tr. 533).  Dr. Patel also found Plaintiff was incapable of even low-stress jobs.  (Tr. 535).

In his opinion, the ALJ considered Dr. Patel's findings but decided to discount those severe restrictions.  (Tr. 24-25).  Indeed, the ALJ provided several valid reasons for discounting his opinions.  *Id.*  In his opinion, the ALJ noted the following:

- the doctor [Dr. Patel] did not have the benefit of reviewing all of the other medical reports contained in the current record.
- there is no evidence that the doctor is familiar with the Agency's rules and regulations regarding disability;
- the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive;
- the opinion expressed by the doctor is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion; and
- the doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness.

*Id.*

Upon review, the Court finds these are "good reasons" for discounting Dr. Patel's findings.  *See* 20 C.F.R. § 416.927(c)(2) (noting the SSA must "always give good reasons in our [SSA's]

notice of determination or decision for the weight we [SSA] give your [the claimant's] treating source's opinion"). Thus, because the ALJ supplied "good reasons" for discounting Dr. Patel's findings, the Court finds no basis for reversal on this issue.

Further, although it does not appear the ALJ addressed this issue, it should be noted Dr. Patel's findings were based upon Plaintiff's subjective allegations and even Dr. Patel did not claim they are *his opinions*. Indeed, at the bottom of the form, when asked if his findings were "based on a reasonable degree of medical certainty," Dr. Patel stated the following: "findings/questions are answered from patient's *point of view*." (Tr. 536) (emphasis added). This notation provides even further support for the ALJ's decision to discount Dr. Patel's findings.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE